PER CURIAM.
Appellants, Betty and Dewayne Bell, appeal a final judgment entered against them in a suit alleging breach of a construction contract brought by appellee, Lyle Miller, d/b/a/ Lyle Miller Construction Company. The Bells contend that the trial court failed to deduct certain costs and penalties from the amount it awarded appellee, and did not take certain uncompleted work into account. We affirm in part and reverse in part, concluding that the record shows that the Bells are entitled to additional deductions.
While Miller was renting a house from the Bells in Fernandina Beach for $1,100 per month, the Bells contracted with him to perform certain renovations to the house, agreeing that they would waive the rent during the time the work was performed. Miller did not complete the renovation and moved out in February 2001, and thereafter filed a claim of lien, seeking $16,112 for work performed between December 2, 2000, and April 7, 2001. The trial court directed the Bells to pay Miller the $16,112, less $1,150 for inspection work and permits, and $2,200 for two months’ late charges at $1,100 per month, for a total award of $12,762. The Bells fail to show an abuse of the court’s discretion in finding that the value of the work Miller had performed was $16,112. There is no record support, however, for the amounts the court deducted therefrom.
Miller admitted that the court should deduct $255 for permits he had failed to obtain, and that the city would double this amount because he had worked without the permits, resulting in a total of $510. Miller also admitted that the court should deduct the cost of removing sheetrock and concrete in order to obtain a plumbing inspection. He testified that it would cost $125 to remove and reinstall the sheetrock, and $4,500 to remove and repour the concrete. The costs, therefore, of inspections and permits is $5,135, rather than $1,150.
The lower court also found that Miller owed a two-month late charge of $2,200 or $1,100 per month, because the contract called for construction to be completed 150 days after permitting, and the court concluded that at the time of trial on September 24, 2001, the project was late by two months. There is nothing, however, in the parties’ agreement imposing a “late charge” if the renovations were not completed within the specified time. Presumably, the figure of $1,100 represents the *362 monthly rent that Miller testified the Bells waived during the time he continued work on the house. He stated in his claim of lien that the $16,112 represented work performed between December 2, 2000, and April 7, 2001. If Miller stopped work on April 7, 2001, he would owe the Bells $6,050 for five-and-a-half months’ rent between April 7, 2001, and September 24, 2001, when he admitted that he remained legally in possession of the house, rather than $2,200 for two months.
We reverse and remand with directions to the trial court to reconsider and recalculate the damages.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ERVIN, BOOTH and KAHN, JJ., CONCUR.